UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x
EDWIN CO. LTD.,                      :
                                     :
             Plaintiff,              :        05 Civ. 4435 (JSR)
                                     :
        -v-                          :     TEMPORARY RESTRAINING
                                     :            ORDER
H&M HENNES & MAURITZ LP, H&M HENNES & :
MAURITZ HOLDING BV AND H&M HENNES &  :
MAURITZ AB,                          :
                                     :
             Defendants.             :
------------------------------------ x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-16-05

JED S. RAKOFF, U.S.D.J.

        This matter comes before the Court on plaintiff's application

for a temporary emergency order restraining defendants' imminent

promotion and sale of a line of clothing and accessories that,

according to plaintiff, infringes plaintiff's trademarks in the name

"Fiorucci."  As the Court, after reviewing the parties' written

submissions, indicated at oral argument earlier today, see

transcript, 5/13/05 ("tr."), plaintiff has so far made a strong

showing of a likelihood of confusion, but the issue is considerably

closer as to the availability of a fair use defense based on Section

33(b)(4) of the Lanham Act, 15 U.S.C. § 1115(b)(4).  However, such

promotion of their new line as defendants have thus far undertaken,

at least to the extent it has been presented to the Court, appears to

go well beyond what could be justified on the basis of this defense,

and has already resulted in actual confusion of the designer's name

used by defendants with the trademarks owned by plaintiff.  See "H&M

calls on Elio Fiorucci to design summer line," Reuters, 4/16/05,

attached as Ex. N to Declaration of Masahiko Kawai in Support of

Plaintiff's Application for a Temporary Restraining Order and Preliminary Injunction, dated 5/7/05 ("The Fiorucci 'Poolside' collection will be made up of about 100 items, H&M said on Friday, heralding a limited edition that 'stands for 70s warmth, playfulness and includes colourful patterns' -- all trademarks of the designer.").

Accordingly, based on the preliminary information presently before the Court, the Court hereby temporarily enjoins defendants from making any use, between now and the close of the evidentiary hearing on this motion scheduled to begin at 2 p.m. on May 20, 2005, of any advertising or promotional material whatever that uses the word "Fiorucci" (with or without any other name or words), and further directs the defendants to remove any such material from their website and from any other media channels or channels of communication subject to their control.  Further, the Court also hereby reconfirms its bench ruling of earlier today, see tr., enjoining defendants from selling or offering for sale any item within the contested line of clothes and accessories until the close of the aforementioned evidentiary hearing.  However, these rulings are without prejudice to defendants' revisiting these issues, even prior to the May 20, 2005 evidentiary hearing, during the in-court conference scheduled for Tuesday, May 17, 2005, at 5 p.m.

SO ORDERED.

_____
JED S. RAKOFF, U.S.D.J.

Dated:  New York, New York
        May 13, 2005